UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARC ARENS,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA, and<br>Warden STEVEN HAMMER,<br><br>    Respondents. | Civil No. 13-3009 (DSD/JSM)<br><br>**REPORT AND RECOMMENDATION** |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Rush City, Minnesota. His petition indicates that he is incarcerated by reason of his convictions in two Minnesota state court criminal cases, which are identified as (1) a 2011 conviction in Ramsey County for Possession of Shoplifting Gear, resulting in a 30-month sentence, and (2) a 2005 conviction in Ramsey County for "Felony Test Refusal," resulting in a 75-month sentence. (Petition, p. 1.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner apparently believes that his conviction for possession of shoplifting gear is legally invalid, because it was based on evidence that was obtained in violation of his constitutional rights under the Fourth Amendment. (Id. p. 1, ¶ 1.) However, Petitioner's trial counsel allegedly refused to raise Petitioner's supposed Fourth Amendment defense. (Id., p. 1, ¶ 2.) When Petitioner later appealed his conviction, his appellate counsel also allegedly refused to raise certain arguments and defenses that Petitioner wanted to present. (Id., p. 2, ¶s 3-4.) Petitioner attempted to discharge his appellate counsel, and he ultimately filed his own pro se appellate brief, which presumably raised all of the defenses he deemed appropriate. (Id., p. 2, ¶ 4.)

The Minnesota Court of Appeals denied Petitioner's appeal on July 29, 2013, but Petitioner did not learn of that ruling until August 16, 2013. (Id., p. 3, ¶ 9.) After Petitioner was informed about the Court of Appeals' ruling, he asked for an extension of the deadline for seeking further review in the Minnesota Supreme Court. (Id., p. 3, ¶ 10.) That request was granted, and the deadline for seeking further review was extended to September 27, 2013. (Id.) On September 26, 2013, Petitioner requested a second extension of the deadline to seek further review in the Minnesota Supreme Court, but that second request was denied on October 2, 2013. (Id., p. 3, ¶ 11.)

Petitioner believes that the Minnesota Supreme Court wrongly denied his second request for additional time to file a petition for further review. His current habeas corpus petition indicates that he is trying to "discover a way to have the Supreme Court's October 2, 2013 Order denying his motion for a second extension of time repealed." (Id., p. 4, ¶ 13.) Petitioner now wants our Court – the United States District Court for the District of Minnesota – to enter an order that would "rescind" the Minnesota Supreme Court's order

2

of October 2, 2013. (Id., p. 4, ¶ 14.) He also wants our Court to "remand" his case to the Minnesota Supreme Court, and order that Court to allow him to file a belated petition for further review of the Minnesota Court of Appeals' decision of July 29, 2013. (Id., p. 5, ¶ 14.) Petitioner also wants an order directing the clerk of the state appellate courts to "provide the petitioner with a copy of his pro se brief that he filed in the [state] court of appeals." (Id.)

**II.    DISCUSSION**

Petitioner's current habeas corpus petition reflects a gross misunderstanding of the relationship between the state and federal court systems in this country. For the most part, those two systems operate independently. Federal district courts have no supervisory authority over state courts, nor do they have any authority to exercise any form of appellate review over state court rulings. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 285 (2005) ("[a]mong federal courts... Congress... empowered only [the U.S. Supreme] Court to exercise appellate authority 'to reverse or modify' a state-court judgment") (citation omitted).[2]

The federal habeas corpus statutes provide a unique, and very limited, exception to the general rule that prohibits lower federal courts from reviewing state court rulings. See Edwards v. City of Jonesboro, 645 F.3d 1014, 1017 (8th Cir. 2011) ("with the exception of habeas corpus proceedings, the inferior federal courts lack subject-matter jurisdiction over appeals from state-court judgments"). However, the remedy provided by the federal

---

[2] Petitioner previously attempted to file an "appeal" in our Court, challenging a Minnesota state court ruling, but the Clerk's Office informed him – quite correctly – that no such remedy exists. See Petition, p. 4, ¶ 13.

3

habeas corpus statutes is available only for individuals who claim to be "in custody," pursuant to a state court judgment, "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, a federal court cannot grant habeas corpus relief to a state detainee based on a de novo review of his or her claims. A writ of habeas corpus can be granted only if a petitioner establishes that his or her detention has been effected by a state court judgment that either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In this case, Petitioner has not presented any cognizable claim for relief under the federal habeas corpus statutes. His current petition includes a passing reference to the Fourth Amendment, but he has made no effort to satisfy the stringent standards described in § 2254(d). Simply put, Petitioner has not described any possible ground for granting him a writ of habeas corpus.[3]

It appears that the relief Petitioner actually is seeking in this case is a writ of mandamus that would compel the Minnesota Supreme Court (and its clerk) to perform certain actions. See 28 U.S.C. § 1361 ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United

---

[3] As an aside, the Court notes that federal habeas corpus relief normally is not available for claims based on the Fourth Amendment. See Stone v. Powell, 428 U.S. 465, 482 (1976) ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

States or any agency thereof to perform a duty owed to the plaintiff"). Petitioner has plainly stated that he wants our Court to enter an order that would direct the Minnesota Supreme Court to allow him to file a belated application for further review of a Minnesota Court of Appeals decision. However, a federal district court has no legal authority to enter a writ of mandamus directed to a state court. Middlebrooks v. Thirteenth Judicial District Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir. 1963) (per curiam). See also Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) ("a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties"). Therefore, Petitioner could not be granted the relief he is seeking by means of mandamus.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that Petitioner has failed to plead an actionable claim for relief under the federal habeas corpus statutes. The relief that Petitioner is seeking in this case cannot be provided by a federal district court by means of a writ of habeas corpus, a writ of mandamus, or by any other means. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. (See n. 1, supra.) However, it will be recommended that the case be dismissed without prejudice, so that Petitioner will be able to file a new federal habeas corpus petition, if he is ever able to present a colorable claim for relief under 28 U.S.C. § 2254.[4] Having determined that this case must be summarily dismissed, the Court will

---

[4] If Petitioner ever attempts to file a new § 2254 habeas corpus petition, he will have to commence an entirely new action, and he will have to present his petition on the form prescribed for use in this District. See Local Rule 9.3. (The prescribed form is available from the Clerk's Office upon request.) Petitioner should be mindful of the stringent

further recommend that Petitioner's pending application for leave to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

IV.    **CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

It is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's current habeas corpus petition any differently than it has been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate

---

standard of review prescribed by § 2254(d)(1).
> "Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA [the Anti-Terrorism and Effective Death Penalty Act] erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error ... beyond any possibility for fairminded disagreement.'... 'If this standard is difficult to meet' – and it is – 'that is because it was meant to be.'"

Burt v. Titlow, __ U.S. __, __, 2013 WL 5904117 at *4 (Nov. 5, 2013), quoting Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011). Petitioner should also be mindful of the Supreme Court's decision in Stone v. Powell, (see n. 3, supra).

review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITHOUT PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: November 18, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.